FRANK A. AND JOELENE NIKKILA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nikkila v. Commissioner
Docket No. 5066-92
United States Tax Court
T.C. Memo 1993-628; 1993 Tax Ct. Memo LEXIS 635; 66 T.C.M. (CCH) 1796; December 27, 1993, Filed *635 Decision will be entered under Rule 155. For petitioners: James David Hopkins. For respondent: Michael Lloyd. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioners' Federal income tax for their taxable years 1987, 1988, and 1989 in the respective amounts of $ 2,469, $ 2,571, and $ 547. After concessions by the parties, the sole issue for decision is whether petitioners are entitled to deductions for each of the years in issue for transportation expenses petitioner Frank A. Nikkila incurred while traveling back and forth between his personal residence and various locations in the Black Hills National Forest. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Nemo, South Dakota, at the time their petition *636 was filed. During the years in issue petitioner Frank A. Nikkila (Mr. Nikkila) worked as a professional "skidder" at temporary work sites in and around the Black Hills National Forest (Black Hills). A skidder is an individual whose occupation is to remove felled trees from the location where they were cut down and place them in position to be cut and readied to be brought to a sawmill. Mr. Nikkila was both a timber contractor and a subcontractor during the years in issue. As a contractor, Mr. Nikkila owned the right to remove timber from certain parcels of land. As a subcontractor, Mr. Nikkila performed services for other contractors. The parcels of land from which timber is removed are referred to in the industry as "sales". During each of the taxable years in issue Mr. Nikkila worked as either a contractor or subcontractor on various sales, and within each sale, worked at many different locations. During the years in issue Mr. Nikkila generally drove back and forth between his personal residence and the temporary work sites in the Black Hills. In performing his skidding work, Mr. Nikkila furnished his own truck, fuel, trade tools (which included, among other things, a welder, *637 fuel tank, and air compressor), and skidders (vehicles used to haul felled trees, which look somewhat like a bulldozer or oversized tractor with a multi-ton winch on the back end). Mr. Nikkila carried many of his trade tools with him in his truck when he went to his cutting sites, but he maintained a workshop adjacent to his home where he stored, maintained, and repaired his equipment. Mr. Nikkila spent approximately 5 hours per week in his workshop, and could not have maintained or repaired his timber equipment without the use of his workshop. During the years in issue Mr. Nikkila had a reputation in his field as both a fine contractor and subcontractor. During the years in issue he received much of his subcontract work by word of mouth contacts. However, as a contractor, Mr. Nikkila worked as many as 2 or 3 hours per night on the telephone lining up subcontractors to work on sales for which he owned the timber rights, and as many as 5 or 6 hours per night negotiating end-user lumber contracts with sawmills. When written contracts were required, Mr. Nikkila sometimes had the documents executed at his personal residence. As Mr. Nikkila's workshop was essential to the maintenance *638 of his skidding equipment, use of his personal residence to locate and hire subcontractors was essential to his career as a timber contractor. On the Schedule C's attached to their Federal income tax returns filed for the years in issue, petitioners claimed deductions incurred by Mr. Nikkila for business travel in the respective amounts of $ 4,146, $ 1,603, and $ 1,232. Respondent contends that only 70 percent of these amounts are deductible, and that the remaining 30 percent represents nondeductible commuting expenses for travel Mr. Nikkila made back and forth the same day between petitioners' personal residence and the various locations Mr. Nikkila worked at in the Black Hills. Petitioners also claimed as Schedule C deductions for the years in issue deductions for fuel and oil used in Mr. Nikkila's trade or business in the respective amounts of $ 8,673, $ 8,789, and $ 2,460. Respondent contends that only 80 percent of these amounts are deductible, arguing that the remaining 20 percent similarly represents expenses attributable to commuting by Mr. Nikkila. [1] Petitioners contend they are entitled to deduct their reported travel and fuel expenses in full because they constituted *639 ordinary and necessary business expenses incurred by Mr. Nikkila in carrying on his trade or business as a skidder and contractor during the years in issue. Deductions are a matter of legislative grace and petitioners bear the burden of proving their entitlement to their claimed deductions in issue. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). We have recently examined the precise issue herein on facts essentially indistinguishable from this case. *640 Walker v. Commissioner, 101 T.C.     (Dec. 13, 1993). In Walker the taxpayer also was a timber worker who worked in the Black Hills and traveled back and forth on a daily basis from his personal residence to various locations in the Black Hills to cut timber; also required use of a truck and carried with him in his truck the tools of his trade; also maintained a workshop adjacent to his home where he stored, maintained and repaired his working equipment; and also secured assignments using his home as his base of operation. Based on the record in Walker we concluded that the taxpayer's workshop and surrounding premises (i.e., his personal residence) comprised a regular place of business, and allowed the taxpayer to deduct the expenses he incurred for traveling between his personal residence and temporary cutting sites in the Black Hills. We reached this conclusion on the basis of Rev. Rul. 90-23, 1990-1 C.B. 29, which allows a deduction for transportation expenses incurred for travel between a taxpayer's residence, which is a regular place of business, and temporary work places within a metropolitan area. We treated respondent's *641 position in the ruling as a concession that such expenses are deductible if a taxpayer can establish that he meets the factual requirements of the ruling. After due consideration we find that there are no essential facts in the instant case distinguishable from those presented in Walker, and no legal arguments presented by respondent in the instant case which were not addressed and rejected in Walker. On the basis of our reasoning in Walker v. Commissioner, supra, we conclude that during the years in issue, Mr. Nikkila's workshop and surrounding premises (i.e., his personal residence), was a regular place of business and hold that petitioners are entitled to deduct the full amount of their claimed expenses for Mr. Nikkila's travel between petitioners' personal residence and the various sites he worked at in the Black Hills during the years in issue (including the claimed deductions for fuel expenses). To reflect the parties' concessions, Decision will be entered under Rule 155. Footnotes
1. At trial, the parties stipulated that petitioners are entitled to deduct 80 percent of an additionally substantiated $ 2,044 in fuel expenses, and that the deductibility of the remaining 20 percent is tied to our resolution of the commuting issue in this case. However, neither of the parties has informed the Court as to which taxable year or years the additional substantiated deductions pertain, and we accordingly direct the parties to resolve this matter in the Rule 155 computation that will result from this Opinion.↩